**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

KATHRYN J. STARKEY,

     Plaintiff,

        v.

MILTON AREA SCHOOL DISTRICT, et al.,

     Defendants.

NO. 4:08-cv-2004

(JUDGE CAPUTO)

### MEMORANDUM ORDER

Presently before the Court is the Complaint of Plaintiff Kathryn Starkey against Defendants Milton Area School District, Dr. William Clark, Dr. Debra Mathinos, and Billie Jean Tyler.  (Doc. 1.)  Plaintiff has also filed an Application For Leave to Proceed *In Forma Pauperis* (IFP) along with a supporting Affidavit. (Doc. 2.)

28 U.S.C. § 1915 provides a two-step process for reviewing IFP applications.  The Third Circuit Court of Appeals has made it clear that this Court should first consider a litigant's financial status and determine whether he is eligible to proceed IFP, then assess the complaint to determine whether it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from suit.  *See Roman v. Jeffes*, 904 F.2d 192, 194 n. 1 (3d Cir. 1990) (court assesses complaint for frivolousness under § 1915(d)); Prison Litigation Reform Act, Pub. L. No. 104-134, § 804(a), (c)-(e), 110 Stat. 1321, 1321-74 (1996) (replacing 1915(d) with 1915(e), adding bases of review).

The decision whether to grant or deny IFP status rests within the sound discretion of the district courts.  *United States v. Holiday*, 436 F.2d 1079, 1079-80 (3d Cir. 1971) (citing

decisions from other circuits).  Poverty sufficient to qualify for *in forma pauperis* status does not require penniless destitution.  *Ward v. Werner*, 61 F.R.D. 639, 640 (M.D. Pa. 1974) (citing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948)).  However, leave to proceed *in forma pauperis* is discretionary with the court, and "there exists no fixed net worth which disqualifies a party as a pauper."  *Id.* (citations omitted).  "Yet, the mere assertion of poverty does not serve as a substitute for indigency."  *Id*.

In her IFP Affidavit, Plaintiff describes her financial situation as follows.  She is not presently employed and has not been employed since January 2005.  She occasionally earns money pet-sitting, ranging between zero ($0) and two hundred dollars ($200) a month. (Doc. 2 ¶ 1, 2.)  She has roughly one thousand eight hundred dollars ($1,800) combined between a checking and a savings account.  (*Id*. ¶ 3.)  Her only significant asset is an automobile co-owned with her father, valued at thirteen thousand dollars ($13,000).  (Id. ¶ 4.)

Assuming this to be a complete and accurate depiction of Plaintiff's financial situation, the Court finds that she qualifies for IFP status.  With a monthly income of two hundred dollars ($200) or less and little savings, the Court finds that payment of the filing fee would present Plaintiff with an undue hardship or deprive her of life's necessities.  *See Adkins*, 335 U.S. at 339.

As to the second-step of review, the Court has performed a preliminary screening of Plaintiff's complaint pursuant to § 1915 and finds that none of the above-mentioned bases for dismissal, listed in § 1915(e)(2)(B), are implicated.  Therefore, Plaintiff's motion to proceed IFP is granted.

**NOW**, this __24th__ day of November, 2008, **IT IS HEREBY ORDERED** that:

(1)    Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 2) is **GRANTED**.

(2)    The Clerk of the Court shall prepare a summons for service by United States Marshals with the complaint on the Defendants named herein;

(3)    The Defendants shall respond to the complaint within twenty (20) days of the date service is made pursuant to Fed. R. Civ. P. 12(a)(1).

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge